THOMAS T. HUBSCHER AND VERA MARIA HUBSCHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hubscher v. Commissioner
Docket No. 42274-85
United States Tax Court
T.C. Memo 1988-428; 1988 Tax Ct. Memo LEXIS 455; 56 T.C.M. (CCH) 115; T.C.M. (RIA) 88428; September 12, 1988
Ronald A. Feuerstein, for the petitioners. Karen E. Chandler, for the respondent. BUCKLEY
MEMORANDUM FINDINGS OF FACT AND OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code (redesignated section 7443A(b) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180 and 181. [1] It is before the Court on petitioners' Motion for Award of Reasonable Litigation Costs pursuant to section 7430 and Rule 231. FINDINGS OF FACT Petitioners are husband and wife and resided in Gaithersburg, Maryland, when they filed their petition in this case. They timely filed a joint Federal income tax return for 1982 with the Internal Revenue Service Center at Philadelphia, Pennsylvania. In May 1985, petitioners received from the Internal Revenue Service a letter inquiring about petitioners' failure *457 to report certain items of income, for which the Service had received forms 1099, on their 1982 income tax return. The items in question were: (1) $ 42 paid by Metropolitan Federal Savings and Loan; (2) $ 6,169 reported as paid by Pharmacia, Inc.; and (3) $ 4,000 reported as paid by Robert Landau Associates, Inc. Petitioners telephoned the Service on May 31, 1985, explaining that the $ 42 interest amount was subject to the statutory exclusion from income and that they had no knowledge of the amounts reported as paid by Pharmacia, Inc. and Robert Landau Associates, Inc. Petitioners requested information from the Service on these items. In June 1985, petitioners wrote to the Internal Revenue Service (IRS), repeating their request for information on these items and stating that they had correctly reported their income for 1982. In July 1985, petitioners received a 30-day letter. The letter included addresses for Pharmacia, Inc. and Robert Landau Associates, Inc. From this information petitioners learned that Pharmacia, Inc. had issued an erroneous 1099-MISC, followed by a corrected 1099-MISC showing that the amounts reported were in fact paid to a corporation controlled by petitioner *458 Thomas Hubscher and that no amounts were paid to petitioners. In August 1985, petitioners responded in writing to the 30-day letter. They enclosed a copy of a letter sent to them by Pharmacia, Inc., confirming that an erroneous 1099-MISC had been sent to the Service. In their letter, petitioners requested a copy of the 1099 filed by Robert Landau Associates, Inc., since petitioners had been unsuccessful in contacting the corporation at the address furnished by the Service in the 30-day letter. In response to the IRS' invitation to make such a request, petitioners concluded their letter with an express reservation of their rights to a meeting with an examiner and, if necessary, to an Appeals conference. By statutory notice of deficiency, dated August 26, 1985, respondent determined a deficiency of $ 1,764 in petitioners' 1982 income tax. The determined deficiency was based on the items of income discussed above; namely, $ 42 from Metropolitan Savings and Loan; $ 6,169 from Pharmacia, Inc.; $ 4,000 from Robert Landau Associates, Inc.; and a $ 360.64 statutory adjustment to petitioners' medical and dental expense deduction. In September 1985, petitioners received a letter (the *459 September letter) from the IRS, supplementing the notice of deficiency. The letter acknowledged that petitioners had not received any rent or royalty income from Pharmacia, Inc., and asserted that only the $ 4,000 adjustment to income remained at issue. On November 22, 1985, petitioners, by their counsel, timely filed their petition. The petition stated that $ 589 of the total $ 1,764 deficiency determined by respondent remained in dispute. It alleged that the Commissioner erred in determining: (1) that Thomas T. Hubscher received rent or royalties from Pharmacia, Inc., in the amount of $ 6,169; (2) that petitioners received rent or royalties from Robert Landau Associates, Inc. in the amount of $ 4,000; and (3) that petitioners received taxable interest from Metropolitan Federal Savings and Loan Association in the amount of $ 42. Petitioners based their assignments of error upon the facts that they did not receive rent or royalties from either source; that they had no knowledge of Robert Landau Associates, Inc., and had been unable to contact any representative of the company at the address furnished by respondent or at the telephone number supplied by New York City *460 directory assistance; and that the $ 42 interest received from Metropolitan Federal Savings and Loan Association qualified for exclusion from gross income. The petition alleged that respondent failed to allow petitioners to exhaust their administrative remedies and failed to follow established procedures by not issuing a 30-day letter prior to the issuance of the statutory notice, [2] thereby requiring petitioners to retain counsel in order to pursue their legal remedies. The petition did not mention the receipt of the September 1985 letter in which the IRS conceded two of the three issues. After they had filed their petition, by a Form 645 letter dated December 20, 1985 (the December letter), petitioners were informed by the Examination Branch of the Philadelphia Service Center that their tax return for 1982 would be accepted as filed. On January 13, 1986, respondent filed his answer generally denying the allegations contained *461 in the petition and asserting that the full $ 1,764 deficiency was in dispute. At the time respondent filed his answer, the December letter was not in the administrative file. [3]
On May 1, 1986, during a telephone conversation with respondent, petitioners' counsel made a reference to the December 1985 letter. Until this time, neither the Appeals officer nor District Counsel was aware of the existence of the letter. Upon receipt of a copy of the December letter from petitioners' counsel, the Appeals officer sent petitioners' counsel a decision document reflecting respondent's concession of the entire deficiency determination. This concession occurred approximately 4 months after the answer was filed and within 1 week of respondent's having learned of the December 1985 letter. Petitioners' counsel received the decision document on or about May 8, 1986, but declined to sign it because he intended to file this motion for an award of litigation costs. [4] Absent settlement, District Counsel prepared for trial, which was calendared for June 9, 1986. District Counsel informed *462 petitioners' counsel that District Counsel had issued a subpoena to a revenue agent to go to New York City to investigate Robert Landau Associates, Inc., in an effort to discover whether petitioners had, in fact, received $ 4,000 during 1982 from that corporation. Respondent advised petitioners' counsel that respondent would concede the issue if the revenue agent was unable, by the date of trial, to prove that petitioners did not receive the $ 4,000. However, respondent did not retract his earlier settlement concession. [4]
On June 6, 1986, 3 days before trial, petitioners' counsel was told that respondent would concede the deficiency because the revenue agent could better spend his time on other matters. On June 9, 1986, the date set for trial, petitioners filed their motion herein and pursuant to Rule 231(c) the parties filed a stipulation of settlement in which it was agreed that there was no deficiency in income tax due from the petitioners for 1982. *463 Petitioners subsequently filed an affidavit pursuant to Rule 231(d) supporting their claimed costs for attorney's fees in the amount of $ 7,263.53. They are also seeking an award of court costs in the amount of $ 60. Respondent filed his objections to petitioners' motion on June 6, 1988. OPINION Section 7430(a) [5] provides that the prevailing party in any civil proceeding brought by or against the United States in connection with the determination of any tax under the Internal Revenue Code in a court of the United States, including the Tax Court, may be awarded a judgment for reasonable litigation costs. Section 7430(b) provides that an award may not exceed $ 25,000 and that an award may not be made unless "the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service." A prevailing party is defined by section 7430(c)(2) to mean a party (other than the United States) which establishes "that the position of the United States in the civil proceeding was unreasonable" and that such party (ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect *464 to the most significant issue or set of issues presented. In his response to petitioners' motion respondent concedes that petitioners have exhausted their administrative remedies and have substantially prevailed with respect to the amount in controversy. Respondent maintains, however, that his position in the proceeding was at all times reasonable and that the amount of litigation costs for which petitioners seek an award is unreasonable. Petitioners contend that respondent's position was unreasonable at both the administrative and litigation stages of the proceeding. It is the position of this Court that section 7430 as it existed prior to its amendment by the Tax Reform Act of 1986 is to be applied only to the events occurring during the litigation of a case. ; ; *465 , vacated and remanded on other issues ; see also ; ; . [6]
*466 Litigation is commenced in this Court by the filing of the petition. Rule 20(a). We therefore restrict our inquiry as to the reasonableness of respondent's position to the period after the petition was filed. The reasonableness of respondent's position will depend upon whether, based on all the facts and circumstances, he had reasonable positions both in law and in fact throughout the proceedings. The fact that respondent ultimately conceded the underlying issues is not necessarily determinative. . Petitioners argue that two post-petition positions taken by respondent were unreasonable in light of the December letter, which effectively conceded the case. First, petitioners contend that it was unreasonable for respondent to file an answer which denied generally all of the allegations contained in the petition. While respondent has not denied that the September letter was in the administrative file, we find that respondent's answer was based on the information contained in the administrative file at the time the answer was prepared and was responsive to the petition filed which did not mention the September concessions. *467 We recognize that the responsibility for a complete administrative file rests with respondent and not with petitioners. We agree, also, as respondent admits, that a denial based on "lack of information and belief" may have been a more preferable route for respondent to take. Nonetheless, "we find it difficult to require District Counsel to concede a case when examination of the administrative file does not suggest that documents are missing or that respondent's position is untenable." P-H Memo T.C. par. 88,078 at 88-429. We find that based on the facts and circumstances known to him at the time, respondent's attorney filed an answer which evidenced a reasonable position both in law and in fact. As soon as petitioners advised respondent of the existence of the December letter, respondent prepared a "no deficiency" decision document. It was not unreasonable of respondent to do so. However, petitioners' counsel refused to sign the decision document. They argue that it was unreasonable for respondent to "punish" petitioners for seeking litigation costs by his "threat" to further investigate Robert *468 Landau Associates, Inc. The record reveals, however, that petitioners' counsel reviewed the proposed decision document on May 8, 1986, and on May 14, 1986 was engaged in working on a stipulation of settlement. Thus, it appears that respondent's "threat" had no effect whatsoever on the pendency of the case or on the accrual of attorneys' fees. Petitioners contended all along that they had no knowledge of Robert Landau Associates, Inc. and had not received rent or royalty income from the corporation. Whether respondent's investigation of the matter after conceding the issue was reasonable or not, it could not have forced petitioners to reconsider their litigation posture or to take any action at all. We find that petitioners' argument in this regard is without merit. Based on the foregoing, we conclude that petitioners are not entitled to an award of litigation costs, and their motion will be denied. Accordingly, it is not necessary for us to determine whether the amount of costs claimed by petitioners is "reasonable" within the meaning of the stature. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue and Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. However, the IRS did issue a 30-day letter. Petitioners' motion herein sets out in detail the contents of the 30-day letter and petitioners' written response to it. Both the petition and motion were prepared and filed by the same attorney. ↩
3. Respondent has not stated whether the September 1985 letter was included in the administrative file. ↩
4. Section 7430(e) provides that an order granting or denying an award for reasonable litigation costs shall be incorporated as part of the decision and shall be subject to appeal in the same manner as the decision. ↩
5. Section 7430 has been amended by sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752. However, cases which commenced before January 1, 1986, such as the instant case, are governed by sec. 7430 as in effect before January 1, 1986. H. Rept. 99-841 (Conf.), at II-802 (1986), 1986-3 C.B. (Vol. 4) 802. ↩
6. Some courts, however, have looked to the pre-petition period as well. See ; ; . See also , revg. in part and remanding , which involves section 7430 as amended by the Tax Reform Act of 1986, Pub. L. 990-514. Since the amendment by the 1986 Act, we leave for another day the question of whether we will continue to adhere to our opinion in . The Court of Appeals for the Fourth Circuit, to which an appeal in this case would lie, has not ruled on this issue. ↩